B1 (Official Form 1)(12/11)

| United States Bankruptcy Court **Western District of Wisconsin** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle): **Conigliaro, James M** | Name of Joint Debtor (Spouse) (Last, First, Middle): **Conigliaro, Tanya K.** |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all) **xxx-xx-5081** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all) **xxx-xx-4907** |
| Street Address of Debtor (No. and Street, City, and State): **N5166 County Road A** **Cambridge, WI** ZIP Code **53523** | Street Address of Joint Debtor (No. and Street, City, and State): **N5166 County Road A** **Cambridge, WI** ZIP Code **53523** |
| County of Residence or of the Principal Place of Business: **Jefferson** | County of Residence or of the Principal Place of Business: **Jefferson** |
| Mailing Address of Debtor (if different from street address): ZIP Code | Mailing Address of Joint Debtor (if different from street address): ZIP Code |
| Location of Principal Assets of Business Debtor (if different from street address above): | |

**Type of Debtor**
(Form of Organization) (Check one box)

■ Individual (includes Joint Debtors)
*See Exhibit D on page 2 of this form.*
☐ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Chapter 15 Debtors**

Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Nature of Business**
(Check one box)

☐ Health Care Business
☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
☐ Other

**Tax-Exempt Entity**
(Check box, if applicable)

☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

■ Chapter 7
☐ Chapter 9
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13
☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box)

■ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
☐ Debts are primarily business debts.

**Filing Fee** (Check one box)

■ Full Filing Fee attached

☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).
Check if:
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*
Check all applicable boxes:
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1)(12/11)                                                                                                          Page 2

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Conigliaro, James M**<br>**Conigliaro, Tanya K.** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:  **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

<table>
<tr>
<td align="center"><b>Exhibit A</b></td>
<td align="center"><b>Exhibit B</b></td>
</tr>
<tr>
<td>
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>
☐  Exhibit A is attached and made a part of this petition.
</td>
<td>
(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>
I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>
<b>X  /s/ David R. Westrick                          August 14, 2012</b><br>
Signature of Attorney for Debtor(s)                    (Date)<br>
<b>David R. Westrick 01021165</b>
</td>
</tr>
</table>

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety? |
| ☐  Yes, and Exhibit C is attached and made a part of this petition. |
| ■  No. |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.) |
| ■  Exhibit D completed and signed by the debtor is attached and made a part of this petition. |
| If this is a joint petition: |
| ■  Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue**<br>(Check any applicable box) |
|---|
| ■    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. |
| ☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. |
| ☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property**<br>(Check all applicable boxes) |
|---|
| ☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.) |
| <div align="center">_____<br>(Name of landlord that obtained judgment)</div> |
| <div align="center">_____<br>(Address of landlord)</div> |
| ☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and |
| ☐    Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. |
| ☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

B1 (Official Form 1)(12/11)

| | |
|---|---|
| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Conigliaro, James M**<br>**Conigliaro, Tanya K.** |

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ James M Conigliaro**
Signature of Debtor **James M Conigliaro**

X **/s/ Tanya K. Conigliaro**
Signature of Joint Debtor **Tanya K. Conigliaro**

Telephone Number (If not represented by attorney)

**August 14, 2012**
Date

**Signature of Attorney***

X **/s/ David R. Westrick**
Signature of Attorney for Debtor(s)

**David R. Westrick 01021165**
Printed Name of Attorney for Debtor(s)

**Rogers & Westrick, S.C.**
Firm Name

**93 North Main Street**
**P.O. Box 68**
**Fort Atkinson, WI 53538-1860**
Address

**920-563-5577  Fax: 920-563-3577**
Telephone Number

**August 14, 2012**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

## United States Bankruptcy Court
### Western District of Wisconsin

In re **James M Conigliaro**
**Tanya K. Conigliaro**

Debtor(s)

Case No.

Chapter  **7**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

□ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

□ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   **/s/ James M Conigliaro**

**James M Conigliaro**

Date:   **August 14, 2012**

Software Copyright (c) 1996-2012 CCH INCORPORATED - www.bestcase.com                                Best Case Bankruptcy

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
### Western District of Wisconsin

In re    **James M Conigliaro**
      **Tanya K. Conigliaro** _____    Case No. _____
                                        Debtor(s)     Chapter    **7**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

Case 3-12-14735-rdm   Doc 1   Filed 08/22/12   Entered 08/22/12 15:00:40   Desc Main
Document   Page 7 of 57

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                                     Page 2

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

    ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: **/s/ Tanya K. Conigliaro**
                        **Tanya K. Conigliaro**

Date: **August 14, 2012**

Software Copyright (c) 1996-2012 CCH INCORPORATED - www.bestcase.com                          Best Case Bankruptcy

B6 Summary (Official Form 6 - Summary) (12/07)

.

# United States Bankruptcy Court
## Western District of Wisconsin

In re    **James M Conigliaro,**              Case No. _____
      **Tanya K. Conigliaro**

                                   ,      Chapter _____**7**_____
                    Debtors

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 7 | 250,900.00 | | |
| B - Personal Property | Yes | 9 | 79,692.63 | | |
| C - Property Claimed as Exempt | Yes | 2 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 307,622.12 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | 2,050.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 3 | | 44,853.43 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 5,539.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | 5,510.00 |
| Total Number of Sheets of ALL Schedules | | 28 | | | |
| Total Assets | | | 330,592.63 | | |
| Total Liabilities | | | | 354,525.55 | |

Form 6 - Statistical Summary (12/07)

.

# United States Bankruptcy Court
### Western District of Wisconsin

In re   **James M Conigliaro,**
    **Tanya K. Conigliaro**

Case No. _____

                                     ,
                Debtors

Chapter_____**7**_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 2,050.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 2,050.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 5,539.00 |
| Average Expenses (from Schedule J, Line 18) | 5,510.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 6,125.00 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 49,614.12 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 2,050.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 44,853.43 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 94,467.55 |

                                            

B6A (Official Form 6A) (12/07)

.

In re   **James M Conigliaro,**
    **Tanya K. Conigliaro,**

Case No. _____

Debtors ,

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Real property located at N5166 County Road A, Cambridge, Wisconsin.  First mortgage recorded on 10/31/07 as Doc. No. 1229495.  Second mortgage recorded on 1/6/12 as Doc. No. 1304512.** | **Fee simple** | **C** | **247,600.00** | **294,748.06** |
| **Real property/unimproved vacant land located in Colbert County, Alabama.** | **Fee simple** | **C** | **3,300.00** | **0.00** |

|  |  |  |
|---|---|---|
| Sub-Total > | **250,900.00** | (Total of this page) |
| Total > | **250,900.00** |  |

__0__  continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

**1190294**

Document Number

State Bar of Wisconsin Form 2-2003
**WARRANTY DEED**

Document Name

**000287**

---

THIS DEED, made between **Bryan Q. Sonnenberg and Sarah Sonnenberg,**
**husband and wife,**

---

("Grantor," whether one or more), and **James M. Conigliaro and Tanya K.**
**Conigliaro, husband and wife, as survivorship marital property,**

---

("Grantee," whether one or more).
Grantor for a valuable consideration, conveys and warrants to Grantee the following
described real estate, together with the rents, profits, fixtures and other appurtenant
interests, in **Jefferson** County, State of Wisconsin ("Property") (if more
space is needed, please attach addendum):

RECEIVED FOR RECORD
at _10:50_ o'clock _A_ M

DEC 1 5 2005

~~illegible~~
Register of Deeds
Jefferson County, WI

Recording Area

Name and Return Address
James Conigliaro
N5166 C7H A
Lake Mills WI 57551

Lot 1 of Certified Survey Map No. 3506 recorded in
Volume 16 of Certified Surveys on Page 5, as Document
No. 979506 being a part of the Southeast 1/4 Northeast
1/4 of Section 33, Town 7 North, Range 13 East, Town
of Lake Mills, Jefferson County, Wisconsin.

018-0713-3314-000
Parcel Identification Number (PIN)
This **is** homestead property.
(is) (is not)

Exceptions to warranties:
recorded easements, highways, roads, restrictions of record, and zoning ordinances.

STATE TRANSFER
Tax Paid
$ _807.00_

---

Dated _30 November 2005_ .

_____ (SEAL)   *Bryan Sonnenberg* (SEAL)
                                  *Bryan Q. Sonnenberg*

_____ (SEAL)   *Sarah Sonnenberg* (SEAL)
                                  *Sarah Sonnenberg*

**AUTHENTICATION**

Signature(s) _____

authenticated on _____

_____

TITLE: MEMBER STATE BAR OF WISCONSIN
        (If not,
        authorized by Wis. Stat. § 706.06 )

THIS INSTRUMENT DRAFTED BY:
**Attorney Deane C. D'Aoust of D'Aoust Law Office**
SBN 1007776

**ACKNOWLEDGMENT**

STATE OF **WISCONSIN**
                            ) ss.
**JEFFERSON** COUNTY )

Personally came before me on _30 November 2005_ ,
the above-named **Bryan Q. and Sarah Sonnenberg**

to me known to be the person(s) who executed the foregoing
instrument and acknowledged the same.

*Kathryn A Bolger*
* KATHRYN A BOLGER
Notary Public, State of **Wisconsin**
My commission (is permanent) (expires: _4/29/07_ )

_(Seal: KATHRYN A. BOLGER NOTARY PUBLIC STATE OF WISCONSIN)_

(Signatures may be authenticated or acknowledged. Both are not necessary.)
NOTE: THIS IS A STANDARD FORM. ANY MODIFICATION TO THIS FORM SHOULD BE CLEARLY IDENTIFIED.
WARRANTY DEED                STATE BAR OF WISCONSIN                FORM NO. 2-2003
*Type name below signatures.                © State Bar of Wisconsin 2003        INFO-PRO™ Legal Forms - (800)655-2021 - infoproforms.com

**000170**

**1229495**

After Recording Return To:  BADGER BANK
PO BOX 26
220 GRANT ST
FORT ATKINSON, WI 53538

RECEIVED FOR RECORD
at _11:20_ o'clock _A_ M

OCT 3 1 2007

REGISTER OF DEEDS
JEFFERSON COUNTY, WI

Parcel Identifier Number:    018-0713-3314-000

## MORTGAGE

————————[Space Above This Line For Recording Data]————————

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A)  "Security Instrument" means this document, which is dated October 24, 2007                     , together with all Riders to this document.

(B)  "Borrower" is JAMES M CONIGLIARO and TANYA K CONIGLIARO, husband and wife, as survivorship marital property                                                              .
Borrower is the mortgagor under this Security Instrument.

(C)  "Lender" is BADGER BANK                                                              
_____ . Lender is a _____ Corporation _____ organized and existing under the laws of _____ Wisconsin _____ . Lender's address is _____ 102 W MAIN STREET, CAMBRIDGE, WI 53523 _____
_____ . Lender is the mortgagee under this Security Instrument.

(D)  "Note" means the promissory note signed by Borrower and dated October 24, 2007 _____
The Note states that Borrower owes Lender
Two Hundred Seventy One Thousand Eight Hundred and 00/100                                    

_____ Dollars (U.S. $ 271,800.00 _____ ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than November 1, 2037 _____ .

(E)  "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(F)  "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus  interest.

(G)  "Riders" means all riders to this Security Instrument that are executed by Borrower. The following riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider    ☐ Condominium Rider    ☐ Second Home Rider
☐ Balloon Rider    ☐ Planned Unit Development Rider    ☐ Other(s) [specify]_____
☐ 1-4 Family Rider    ☐ Biweekly Payment Rider

WISCONSIN-- Single Family-- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3050 1/01    (page 1 of 16 pages)

Distributed by FIPCO - (800)722-3498                                    REV. 11/10/2000

11509

In the _____ County _____ of _____ Jefferson _____ ;
[Type of Recording Jurisdiction]                    [Name of Recording Jurisdiction]

LOT 1 OF CERTIFIED SURVEY MAP NO. 3506 RECORDED IN VOLUME 16 OF CERTIFIED SURVEYS ON PAGE 5, AS DOCUMENT NO. 979506 BEING A PART OF THE SOUTHEAST 1/4 NORTHEAST 1/4 OF SECTION 33, TOWN 7 NORTH, RANGE 13 EAST, TOWN OF LAKE MILLS, JEFFERSON COUNTY, WISCONSIN.

which currently has the address of _____ N5166 COUNTY RD A _____
                                                         [Street]

_____ CAMBRIDGE _____ , Wisconsin _____ 53523 _____ ("Property Address"):
            [City]                                            [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by

WISCONSIN—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form  3050  1/01   (page 3 of 16 pages)

Distributed by FIPCO - (800)722-3498                                        REV. 11/10/2000

# 000185

846.103 of the Wisconsin Statutes, and as the same may be amended or renumbered from time to time, permitting Lender, upon waiving the right to judgment for deficiency, to hold the foreclosure sale of real estate three months after a foreclosure judgment is entered.

**25. Attorneys' Fees.** If this Security Instrument is subject to Chapter 428 of the Wisconsin Statutes, "Reasonable Attorneys' Fees" shall mean only those attorneys' fees allowed by that Chapter.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____       _____ (Seal)
                                JAMES M CONIGLIARO              -Borrower

_____       _____ (Seal)
                                TANYA K CONIGLIARO              -Borrower

                                _____ (Seal)
                                                               -Borrower

_____       _____ (Seal)
                                                               -Borrower

······························· [Space Below This Line For Acknowledgment] ·······························

STATE OF WISCONSIN                              County ss: Dane

   The foregoing instrument was acknowledged before me this  24th day of October, 2007

by  JAMES M CONIGLIARO and TANYA K CONIGLIARO

My Commission Expires  November 25, 2007

                                Notary Public, State of  Wisconsin
(Seal)                          JANA EVANS


This instrument was prepared by:
JANA EVANS

**W.B.A.**   Financial Link®   11142

© 2005 Wisconsin Bankers Association / Distributed by FIPCO®

DOCUMENT NO.

## REAL ESTATE MORTGAGE
(Use For Consumer or Business Transactions)

JAMES M CONIGLIARO and TANYA K CONIGLIARO

("Mortgagor," whether one or more), whose address is
N5186 COUNTY ROAD A, CAMBRIDGE, WI 53523

mortgages, conveys, assigns, grants a security interest in and warrants to
BADGER BANK
220 GRANT STREET P O BOX 26, FORT ATKINSON, WI 53538
("Lender") in consideration of the sum of
Thirty Eight Thousand Five Hundred and 00/100

_____ Dollars

($ 38,500.00 ), loaned or to be loaned to JAMES M CONIGLIARO
and TANYA K CONIGLIARO

("Borrower," whether one or more) by Lender, evidenced by Borrower's note(s) or
agreement(s) dated December 29, 2011

the real estate described below, together with all privileges, hereditaments, easements and
appurtenances, all rents, leases, issues and profits, all claims, awards and payments made
as a result of the exercise of the right of eminent domain, all existing and future
improvements and all goods that are or are to become fixtures (all called the "Property") to
secure the Obligations described in paragraph 5, including, but not limited to, repayment of
the sum stated above plus certain other debts, obligations and liabilities arising out of past,
present and future credit granted by Lender. SINCE THIS MORTGAGE SECURES ALL
OBLIGATIONS DESCRIBED IN PARAGRAPH 5, IT IS ACKNOWLEDGED AND AGREED
THAT THIS MORTGAGE MAY SECURE OBLIGATIONS FROM TIME TO TIME IN A
DOLLAR AMOUNT GREATER THAN THE DOLLAR AMOUNT STATED ABOVE.

☐ If checked here, and not in limitation of paragraph 5, this Mortgage is also given to
secure all sums advanced and re-advanced to Borrower by Lender from time to time under
the revolving credit agreement between Borrower and Lender described above.

1. **Description of Property.** (This Property is          the homestead of Mortgagor.)
LOT 1 OF CERTIFIED SURVEY MAP NO. 3506 RECORDED IN VOLUME 16 OF CERTIFIED SURVEYS ON PAGE 5, AS DOCUMENT NO. 979506
BEING A PART OF THE SOUTHEAST 1/4 NORTHEAST 1/4 OF SECTION 33, TOWN 7 NORTH, RANGE 13 EAST, TOWN OF LAKE MILLS,
JEFFERSON COUNTY, WISCONSIN.

☐ If checked here, description continues or appears on attached sheet(s).
☐ If checked here, this Mortgage is a construction mortgage.
☐ If checked here, Condominium Rider is attached.
2. **Title.** Mortgagor warrants title to the Property, excepting only restrictions and easements of record, municipal and zoning ordinances, current
taxes and assessments not yet due and _____

3. **Escrow.** Interest          be paid on escrowed funds if an escrow is required under paragraph 8(a).

4. **Additional Provisions.** This Mortgage includes the additional provisions on pages 2 and 3, which are made a part of this Mortgage.

Real Estate Mortgage
Page 1 of 3

---

Document # 1304512
Office of Register of Deeds
Jefferson County, WI
RECEIVED FOR RECORD
Jan 06, 2012 AT 08:52 AM
Staci M. Hoffman

**The above recording information
verifies that this document has been
electronically recorded and returned
to the submitter.**

Staci Hoffman
Total Pages 3
Fee 30.00
TT 0.00 N

Recording Area

Name and Return Address
BADGER BANK

220 GRANT STREET  P O BOX 26

FORT ATKINSON, WI  53538

018-0713-3314-000
Parcel Identifier No.

Obligations, (c) any release or agreement not to sue any guarantor or surety of the Obligations, (d) any failure to perfect Lender's security interest in or realize upon any security or collateral for the Obligations, (e) any failure to realize upon any of the Obligations or to proceed against any Borrower or any guarantor or surety, (f) any renewal or extension of the time of payment, (g) any determination of the allocation and application of payments and credits and acceptance of partial payments, (h) any application of the proceeds of disposition of any collateral for the Obligations to any obligation of any Borrower secured by such collateral in such order and amounts as it elects, (i) any determination of what, if anything, may at any time be done with reference to any security or collateral, and (j) any settlement or compromise of the amount due or owing or claimed to be due or owing from any Borrower, guarantor or surety.

**13. Power of Sale.** In the event of foreclosure, Lender may sell the Property at public sale and execute and deliver to the purchasers deeds of conveyance pursuant to statute.

**14. Assignment of Rents and Leases.** Mortgagor conveys, assigns and transfers to Lender, as additional security for the Obligations, all leases of all or any part of the Property, whether oral or written, now or hereafter entered into by Mortgagor, together with any and all extensions and renewals of any leases, and all rents which become or remain due or are paid under any agreement or lease for the use or occupancy of any part or all of the Property. Until the occurrence of an event of default under this Mortgage or any Obligation, Mortgagor has a license to collect the rents, issues and profits (the "Rents") from the Property. To the extent not prohibited by the Wisconsin Consumer Act, if applicable, upon or at any time after the occurrence of such an event of default and the expiration of any applicable cure period described in paragraph 11, and lapse of any applicable grace, notice or cure period provided in any document evidencing such Obligation, the license granted Mortgagor to collect the Rents shall automatically and immediately terminate and Mortgagor shall hold all Rents (whether paid before or after an event of default) in trust for the use and benefit of Lender, and Lender may, at its option, without any further notice, either in person or by agent, with or without taking possession of or entering the Property, with or without bringing any action or proceeding, or by a receiver to be appointed by a court, collect all of the Rents payable under the leases. All such payments shall be applied in such manner as Lender determines to payments required under this Mortgage and the Obligations. To the extent not prohibited by the Wisconsin Consumer Act, if applicable, this assignment shall be enforceable and Lender shall be entitled to take any action to enforce the assignment (including notice to the tenants to pay directly to Lender or the commencement of a foreclosure action) without seeking or obtaining the appointment of a receiver or possession of the Property. Any entering upon and taking possession of the Property, any collection of Rents, and any application of Rents as allowed by this Mortgage shall not cure or waive any default or waive, modify or affect any notice of default under this Mortgage or invalidate any act done pursuant to such notice, and not in any way operate to prevent Lender from pursuing any other remedy which it now or hereafter may have under the terms or conditions of this Mortgage, any document evidencing any Obligation or any other instrument securing the Obligations.

**15. Receiver.** Upon the commencement or during the pendency of an action to foreclose this Mortgage, or enforce any other remedies of Lender under it, without regard to the adequacy or inadequacy of the Property as security for the Obligations, Mortgagor agrees that the court may appoint a receiver of the Property (including homestead interest) without bond, and may empower the receiver to take possession of the Property and collect the rents, issues and profits of the Property and exercise such other powers as the court may grant until the confirmation of sale, and may order the rents, issues and profits, when so collected, to be held and applied as the court may direct.

**16. Foreclosure Without Deficiency Judgment.** If the Property is a one-to-four family residence that is owner-occupied at the commencement of a foreclosure, a farm, a church or owned by a tax exempt charitable organization, Mortgagor agrees to the provisions of §846.101 Wis. Stats., and as the same may be amended or renumbered from time to time, permitting Lender, upon waiving the right to judgment for deficiency, to hold the foreclosure sale of real estate of 20 acres or less six months after a foreclosure judgment is entered. If the Property is other than a one-to-four family residence that is owner-occupied at the commencement of a foreclosure, a farm, a church or owned by a tax exempt charitable organization, Mortgagor agrees to the provisions of §846.103, Wis. Stats., and as the same may be amended or renumbered from time to time, permitting Lender, upon waiving the right to judgment for deficiency, to hold the foreclosure sale of real estate three months after a foreclosure judgment is entered.

**17. Expenses.** To the extent not prohibited by the Wisconsin Consumer Act or Chapter 428, Wisconsin Statutes, if applicable, Mortgagor shall pay all reasonable costs and expenses before and after judgment, including without limitation, attorneys' fees, fees and expenses for environmental assessments, inspections and audits, and fees and expenses for obtaining title evidence incurred by Lender in protecting or enforcing its rights under this Mortgage.

**18. Successors and Assigns.** The obligations of all Mortgagors are joint and several. This Mortgage benefits Lender, its successors and assigns, and binds Mortgagor(s) and their respective heirs, personal representatives, successors and assigns.

**19. Interpretation.** The validity, construction and enforcement of this Mortgage are governed by the internal laws of Wisconsin except to the extent such laws are preempted by federal law. All references in this Mortgage to sections of the Wisconsin Statutes are to those sections as they may be renumbered from time to time. Invalidity of any provision of this Mortgage will not affect the validity of any other provision. This Mortgage is intended by Mortgagor and Lender as a final expression of this Mortgage and as a complete and exclusive statement of its terms, there being no conditions to the enforceability of this Mortgage. This Mortgage may not be supplemented or modified except in writing.

**20. Other Provisions.** (If none are stated below, there are no other provisions.)

The undersigned agrees to the terms of this Mortgage and acknowledges receipt of an exact copy of this Mortgage.

| NOTICE TO CUSTOMER IN A TRANSACTION GOVERNED BY THE WISCONSIN CONSUMER ACT |
|---|
| (a)  DO NOT SIGN THIS BEFORE YOU READ THE WRITING ON ALL THREE PAGES, EVEN IF OTHERWISE ADVISED. |
| (b)  DO NOT SIGN THIS IF IT CONTAINS ANY BLANK SPACES. |
| (c)  YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN. |
| (d)  YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE. |

Signed and Sealed December 29, 2011
                              (Date)

_____ (SEAL)

          (Type of Organization)

_____
          (State of Organization)

_____
          (Organizational I.D. Number, if any)

By: _____ (SEAL)    _____ (SEAL)
                                     JAMES M CONIGLIARO

By: _____ (SEAL)    _____ (SEAL)
                                     TANYA K CONIGLIARO

By: _____ (SEAL)    _____ (SEAL)

By: _____ (SEAL)    _____ (SEAL)

━━━ AUTHENTICATION ━━━  OR  ━━━ ACKNOWLEDGMENT ━━━

Signatures of _____

_____

authenticated this _____ day of _____

_____

Title: Member State Bar of Wisconsin or
authorized under § 706.06, Wis. Stats.

This instrument was drafted by
LISA KLEINSTIBER

*Type or print name signed above.

STATE OF  Wisconsin        }
                           } ss.
County of  Jefferson       }

This instrument was acknowledged before me on December 29, 2011 .
by JAMES M CONIGLIARO and TANYA K CONIGLIARO

_____
              (Name(s) of person(s))

as  n/a
       (Type of authority, e.g. officer, trustee, etc., if any)

of _____
    (Name of party on behalf of whom instrument was executed, if any)

_____
JAMES P SEIDL

Notary Public,  Wisconsin
My Commission Expires          November 3, 2013

Real Estate Mortgage
Page 3 of 3

B6B (Official Form 6B) (12/07)

In re    **James M Conigliaro,**
      **Tanya K. Conigliaro,**
                        Debtors

Case No. _____

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

    **Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | | **Cash** | **C** | 50.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking account located at Associated Bank** | **C** | 199.00 |
| | | **Checking account located at Badger Bank** | **C** | 2,910.00 |
| | | **Savings account located at Landmark Credit Union** | **C** | 80.00 |
| | | **Christmas Club account located at Landmark Credit Union** | **C** | 80.00 |
| | | **Childrens' Savings account located at Landmark Credit Union** | **C** | 2,010.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | **Washer ($50); Dryer ($50); Stove ($50); Refrigerator ($75); Bedroom set ($100); Kitchen set ($100); Couch ($75); Chairs ($75); Lamps ($25); 3-Beds ($100); 3-Dressers ($100); Television ($100); DVD ($50); End tables ($50); Cookware ($50); Linens ($50); Lawn mower ($100); Yard tools ($25); Hand tools ($50)** | **C** | 1,225.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **25 Compact discs** | **C** | 20.00 |
| 6.  Wearing apparel. | | **Clothing** | **C** | 180.00 |
| 7.  Furs and jewelry. | | **Wedding Bands; Miscellaneous jewelry** | **C** | 500.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |

Sub-Total >       **7,254.00**
(Total of this page)

  __3__   continuation sheets attached to the Schedule of Personal Property

**B6B (Official Form 6B) (12/07) - Cont.**

In re    **James M Conigliaro,**                      Case No. _____

       **Tanya K. Conigliaro** 

                                       Debtors

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Protection Life Insurance policy; Death benefit $250,000.00** | W | 0.00 |
| | | **Met Life Insurance policy; Death benefit $250,000** | C | 0.00 |
| | | **Term Life Insurance policy; Death benefit $50,000** | H | 0.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **Aurora Health Care 401(k)** | W | 24,525.63 |
| | | **Oconomowoc Hospital 403(B)** | C | 810.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **Tanya & Jim Trucking, LLC - checking account at Associated Bank ($2,500); Accounts Receivable ($1,500)** | C | 4,000.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |

Sub-Total >      **29,335.63**
(Total of this page)

Sheet __1__ of __3__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **James M Conigliaro,**
      **Tanya K. Conigliaro**    Case No. _____

                                                   Debtors

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|:---:|---|:---:|---:|
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 1994 Kenworth W-9 - cross-collaterialized with second mortgage | C | 15,000.00 |
| | | 2006 Dodge Charger | C | 10,408.00 |
| | | 2004 Dodge Pickup Truck - cross-collateralized with second mortgage | C | 7,035.00 |
| | | 2001 Dodge Durango - cross-collateralized with second mortgage | C | 2,620.00 |
| | | 1975 Chevrolet Corvette - cross-collateralized with second mortgage | C | 7,990.00 |
| | | 1977 Dodge Van | C | 50.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |

Sub-Total >        **43,103.00**
(Total of this page)

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **James M Conigliaro,**              Case No. _____
         **Tanya K. Conigliaro**

                              _____,
                                      Debtors
## SCHEDULE B - PERSONAL PROPERTY
                          (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 29.  Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30.  Inventory. | X | | | |
| 31.  Animals. | | **1 Dog** | **C** | **0.00** |
| 32.  Crops - growing or harvested. Give particulars. | X | | | |
| 33.  Farming equipment and implements. | X | | | |
| 34.  Farm supplies, chemicals, and feed. | X | | | |
| 35.  Other personal property of any kind not already listed. Itemize. | X | | | |

|  |  |
|---|---|
| Sub-Total > | **0.00** |
| (Total of this page) | |
| Total > | **79,692.63** |

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)



**WISCONSIN**

0006331

**MAILING LABEL ONLY**

0006026
CONIGLIARO JAMES M AND CONIGLIARO TANYA K
N5166 COUNTY ROAD A
CAMBRIDGE, WI 53523

Amount Received: $ 30.00

MAILING LABEL ONLY

# WISCONSIN CERTIFICATE OF TITLE

| Vehicle Identification Number | Year | Make |
|---|---|---|
| 1XKWD69X2RJ637369 | 1994 | KENWORTH MOTOR TRUCK CO |

| Title Number | Issue Date | Chassis Type | Odometer Reading | Odometer Status | Odometer Date |
|---|---|---|---|---|---|
| 120200370006-3 | 01/20/2012 | TRUK | | EXEMPT | |

| Product Number | Body Style | Color | Fleet No. |
|---|---|---|---|
| 33982120201 | TRACTOR | | |

**Titled Owner(s)**
CONIGLIARO JAMES M AND CONIGLIARO TANYA K
N5166 COUNTY ROAD A
CAMBRIDGE, WI 53523

The person, firm or corporation named on this Title is the lawful owner of the vehicle described, subject to any Security Interest (liens) shown. The order in which the Lien Holders appear on this Title does not necessarily represent their priority. The Wisconsin Department of Transportation will not be responsible for false or fraudulent odometer statements made in the assignment of the Certificate of Title or for errors in reporting mileage, brand disclosures or the history of the vehicle. The department has no actual knowledge about the history of the vehicle and makes no warranty that the title brands or mileage disclosures on prior titles have been carried forward onto this document.
1XKWD69X2RJ637369

**Lien Holder(s)**
00002140   BADGER BANK, FORT ATKINSON

**Additional Vehicle Detail**
THIS IS A REPLACEMENT TITLE

**SELLER:** When the vehicle is sold, complete the ASSIGNMENT OF CERTIFICATE OF TITLE on the top back of this title and deliver the title to the purchaser with the vehicle. You may wish to retain a copy of this title with the purchaser's information and signature as proof of sale for your records.

**PURCHASER:** Apply for a new title with the Wisconsin Division of Motor Vehicles immediately. To legally operate this vehicle, you are required to register it with the Division of Motor Vehicles.

MAIL ADDRESS:
Wisconsin Department of Transportation
PO Box 7949, Madison, WI 53707-7949

1C-1-1 637369

QUESTIONS:
Contact the Division of Motor Vehicles at:
414-266-1000, 608-266-1466
www.dot.wisconsin.gov

**KEEP IN SAFE PLACE**   **DO NOT KEEP IN VEHICLE**

# WISCONSIN CERTIFICATE OF TITLE

| Vehicle Identification Number | Year | Make | | | | |
|---|---|---|---|---|---|---|
| 2B3KA53H46H214497 | 2006 | DODGE | | | | |
| Title Number | Issue Date | Chassis Type | Odometer Reading | Odometer Status | | Odometer Date |
| 08113C134001-0 | 04/22/2008 | AUTO | 16205 | ACTUAL | | 04/19/2008 |
| Product Number | Body Style | Color | | | Fleet No. | |
| 23493081100 | 4DR SEDAN | BLUE | | | | |

**Titled Owner(s)**

CONIGLIARO JAMES M
N5166 COUNTY ROAD A
CAMBRIDGE, WI 53523

The person, firm or corporation named on this Title is the lawful owner of the vehicle described, subject to any Security Interest (liens) shown. The order in which the Lien Holders appear on this Title does not necessarily represent their priority. The Wisconsin Department of Transportation will not be responsible for false or fraudulent odometer statements made in the assignment of the Certificate of Title or for errors in reporting mileage, brand disclosures or the history of the vehicle. The department has no actual knowledge about the history of the vehicle and makes no warranty that the title brands or mileage disclosures on prior titles have been carried forward onto this document.

2B3KA53H46H214497

**Lien Holder(s)**

00105031    JP MORGAN CHASE BANK NA, FORT WORTH

**Additional Vehicle Detail**

**SELLER:** When the vehicle is sold, complete the ASSIGNMENT OF CERTIFICATE OF TITLE on the top back of this title and deliver the title to the purchaser with the vehicle. You may wish to retain a copy of this title with the purchaser's information and signature as proof of sale for your records.

**PURCHASER:** Apply for a new title with the Wisconsin Division of Motor Vehicles immediately. To legally operate this vehicle, you are required to register it with the Division of Motor Vehicles.

| | |
|---|---|
| **MAIL ADDRESS:** Wisconsin Department of Transportation PO Box 7949, Madison, WI 53707-7949 | **QUESTIONS:** Contact the Division of Motor Vehicles at 414-266-1146, 608-261-2911, 800-924-3570 www.dot.wisconsin.gov |

7-1-6013517

**KEEP IN SAFE PLACE    DO NOT KEEP IN VEHICLE**

Hold to light to view — This document void without watermark
Any alteration, correction, fluid or erasure, voids this title



# WISCONSIN CERTIFICATE OF TITLE

| Vehicle Identification Number | Year | Make |
|---|---|---|
| 1D7HU18D04J230812 | 2004 | DODGE |

| Title Number | Issue Date | Chassis Type | Odometer Reading | Odometer Status | Odometer Date |
|---|---|---|---|---|---|
| S2006T608001-2 | 01/06/2012 | TRUK | 64 | ACTUAL | 06/28/2005 |

| Product Number | Body Style | Color | Filed No. |
|---|---|---|---|
| 14643051786 | PICKUP | SILVER/ALUMINUM | |

**Titled Owner(s)**
CONIGLIARO JAMES M OR CONIGLIARO TANYA K
N5166 COUNTY ROAD A
CAMBRIDGE, WI 53523-9033

The person, firm or corporation named on this Title is the lawful owner of the vehicle described, subject to any Security Interest (liens) shown. The order in which the Lien holders appear on this Title does not necessarily represent their priority. The Wisconsin Department of Transportation will not be responsible for false or fraudulent odometer statements made in the assignment of the Certificate of Title or for errors in reporting mileage, brand disclosures or the history of the vehicle. The department has no actual knowledge about the history of the vehicle and makes no warranty that the title brands or mileage disclosures on prior titles have been carried forward onto this document.

**Lien Holder(s)**
00002140    BADGER BANK, FORT ATKINSON

**Additional Vehicle Detail**

**SELLER:** When the vehicle is sold, complete the ASSIGNMENT OF CERTIFICATE OF TITLE on the top back of this title and deliver the title to the purchaser with the vehicle. You may wish to retain a copy of this title with the purchaser's information and signature as proof of sale for your records.

**PURCHASER:** Apply for a new title with the Wisconsin Division of Motor Vehicles immediately. To legally operate this vehicle, you are required to register it with the Division of Motor Vehicles.

MAIL ADDRESS:
Wisconsin Department of Transportation
PO Box 7949, Madison, WI 53707-7949

QUESTIONS:
Contact the Division of Motor Vehicles at:
414-266-1000, 608-266-1466
www.dot.wisconsin.gov
dmv

10-1-1585705

**KEEP IN SAFE PLACE          DO NOT KEEP IN VEHICLE**

# WISCONSIN CERTIFICATE OF TITLE

| Vehicle Identification Number | | Year | Make |
|---|---|---|---|
| 1B4HS28Z71F568141 | | 2001 | DODGE |

| Title Number | Issue Date | Chassis Type | Odometer Reading | Odometer Status | Odometer Date |
|---|---|---|---|---|---|
| 061530365026-3 | 06/02/2006 | TRUK | 34 | | 07/02/2001 |

| Product Number | Body Style | Color |
|---|---|---|
| 60259985044 | SPORTUTILITY | |

**Titled Owner(s)**
CONIGLIARO JAMES M OR CONIGLIARO TANYA K
N5166 HWY A
LAKE MILLS, WI 5355†

The person, firm or corporation named on this Title is the lawful owner of the vehicle described, subject to any Security Interest (liens) shown. The order in which the Lien Holders appear on this Title does not necessarily represent their priority. The Wisconsin Department of Transportation will not be responsible for false or fraudulent odometer statements made in the assignment of the Certificate of Title or for errors in reporting mileage, brand disclosures or the history of the vehicle. The department has no actual knowledge about the history of the vehicle and makes no warranty that the title brands or mileage disclosures on prior titles have been carried forward onto this document.

1B4HS28Z71F568141

**Lien Holder(s)**
00002140   CITIZENS STATE BANK AND TRUST, FORT ATKINSON

**Additional Vehicle Detail**

**SELLER:** When the vehicle is sold, complete the ASSIGNMENT OF CERTIFICATE OF TITLE on the top back of this title and deliver the title to the purchaser with the vehicle. You may wish to retain a copy of this title with the purchaser's information and signature as proof of sale for your records.

**PURCHASER:** Apply for a new title with the Wisconsin Division of Motor Vehicles immediately. To legally operate this vehicle, you are required to register it with the Division of Motor Vehicles.

**MAIL ADDRESS**
Wisconsin Department of Transportation
PO Box 7949, Madison, WI 53707-7949

**QUESTIONS:**
Contact the Division of Motor Vehicles at:
414-266-1148, 608-261-2583, 800-924-3570
www.dot.wisconsin.gov

5-3-2804322
TB55 5/2004

**KEEP IN SAFE PLACE**          **DO NOT KEEP IN VEHICLE**



**WISCONSIN**

**MAILING LABEL ONLY**

0007734
CONIGLIARO TANYA K AND CONIGLIARO JAMES M
N5166 COUNTY ROAD A
CAMBRIDGE, WI 53523

Amount Received: $   25.00

MAILING  LABEL  ONLY

# WISCONSIN CERTIFICATE OF TITLE

| Vehicle Identification Number | Year | Make | | | |
|---|---|---|---|---|---|
| 1Z37J5S436112 | 1975 | CHEVROLET | | | |
| Title Number | Issue Date | Odometer Status | Odometer Reading | | |
| 12121Y10070 | 04/30/2012 | AUTO | EXEMPT | | |
| Control Number | Body Style | Color | | | |
| 14593053479 | 2DR HARDTOP | PURPLE | | | |

**Titled Owner(s)**
CONIGLIARO TANYA K AND CONIGLIARO JAMES M
N5166 COUNTY ROAD A
CAMBRIDGE, WI 53523

The person, firm or corporation named on this Title is the lawful owner of the vehicle described, subject to any Security Interest liens shown. The person whom the Holders appear on this Title does not reverse by represent their property. The Wisconsin Department of Transportation will not be responsible for mistakes in any such additional statements made in the assignment of the Certification of Title. If the vehicle is important in mileage, brand disclosures, or the history of the vehicle. If the Department has no actual knowledge and of the history of the vehicle and makes no warranty that the title stands of mileage disclosure on print titles have been carried forward on this document.

**Lien Holder(s)**
00002140    BADGER BANK, FORT ATKINSON

**Additional Vehicle Detail**
PREVIOUSLY TITLED IN: NV
THIS IS A REPLACEMENT TITLE

**SELLER:** When the vehicle is sold, complete the ASSIGNMENT OF CERTIFICATE OF TITLE on the top back of this title and deliver the title to the purchaser with the vehicle. You may wish to retain a copy of this title with the purchaser's information and signature as proof of sale for your records.

**PURCHASER:** Apply for a new title with the Wisconsin Division of Motor Vehicles immediately. To legally operate this vehicle, you are required to register it with the Division of Motor Vehicles.

**MAIL ADDRESS:**
Wisconsin Department of Transportation
PO Box 7949, Madison, WI 53707-7949

**QUEST ONS**
Contact the Division of Motor Vehicles
608.264. (ISS) (ISS) 4267
www.dot.wisconsin.gov

11-1-0153337

**KEEP IN SAFE PLACE**          **DO NOT KEEP IN VEHICLE**

B6C (Official Form 6C) (4/10)

.

In re     **James M Conigliaro,**                        Case No. _____

           **Tanya K. Conigliaro**
                                    Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:    ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                          $146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter*
■ 11 U.S.C. §522(b)(2)                                         *with respect to cases commenced on or after the date of adjustment.)*
☐ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| **Real property/unimproved vacant land located in Colbert County, Alabama.** | 11 U.S.C. § 522(d)(5) | 3,300.00 | 3,300.00 |
| **Cash on Hand** | | | |
| **Cash** | 11 U.S.C. § 522(d)(5) | 50.00 | 50.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Checking account located at Associated Bank** | 11 U.S.C. § 522(d)(5) | 199.00 | 199.00 |
| **Checking account located at Badger Bank** | 11 U.S.C. § 522(d)(5) | 2,910.00 | 2,910.00 |
| **Savings account located at Landmark Credit Union** | 11 U.S.C. § 522(d)(5) | 80.00 | 80.00 |
| **Christmas Club account located at Landmark Credit Union** | 11 U.S.C. § 522(d)(5) | 80.00 | 80.00 |
| **Childrens' Savings account located at Landmark Credit Union** | 11 U.S.C. § 522(d)(5) | 2,010.00 | 2,010.00 |
| **Household Goods and Furnishings** | | | |
| **Washer ($50); Dryer ($50); Stove ($50); Refrigerator ($75); Bedroom set ($100); Kitchen set ($100); Couch ($75); Chairs ($75); Lamps ($25); 3-Beds ($100); 3-Dressers ($100); Television ($100); DVD ($50); End tables ($50); Cookware ($50); Linens ($50); Lawn mower ($100); Yard tools ($25); Hand tools ($50)** | 11 U.S.C. § 522(d)(3) | 1,225.00 | 1,225.00 |
| **Books, Pictures and Other Art Objects; Collectibles** | | | |
| **25 Compact discs** | 11 U.S.C. § 522(d)(3) | 20.00 | 20.00 |
| **Wearing Apparel** | | | |
| **Clothing** | 11 U.S.C. § 522(d)(3) | 180.00 | 180.00 |
| **Furs and Jewelry** | | | |
| **Wedding Bands; Miscellaneous jewelry** | 11 U.S.C. § 522(d)(4) | 500.00 | 500.00 |
| **Interests in Insurance Policies** | | | |
| **Protection Life Insurance policy; Death benefit $250,000.00** | 11 U.S.C. § 522(d)(7) | 0.00 | 0.00 |
| **Met Life Insurance policy; Death benefit $250,000** | 11 U.S.C. § 522(d)(7) | 0.00 | 0.00 |
| **Term Life Insurance policy; Death benefit $50,000** | 11 U.S.C. § 522(d)(7) | 0.00 | 0.00 |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| **Aurora Health Care 401(k)** | 11 U.S.C. § 522(d)(10)(E) | 24,525.63 | 24,525.63 |

   **1**    continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                         Best Case Bankruptcy

B6C (Official Form 6C) (4/10) -- Cont.

In re  **James M Conigliaro,**
  **Tanya K. Conigliaro**

Case No. _____

Debtors,

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Oconomowoc Hospital 403(B)** | **11 U.S.C. § 522(d)(10)(E)** | **810.00** | **810.00** |
| **Stock and Interests in Businesses** | | | |
| **Tanya & Jim Trucking, LLC - checking account at Associated Bank ($2,500); Accounts Receivable ($1,500)** | **11 U.S.C. § 522(d)(5)** | **4,000.00** | **4,000.00** |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **1977 Dodge Van** | **11 U.S.C. § 522(d)(5)** | **50.00** | **50.00** |
| **Animals** | | | |
| **1 Dog** | **11 U.S.C. § 522(d)(5)** | **0.00** | **0.00** |
| | Total: | **39,939.63** | **39,939.63** |

Sheet ___1___ of ___1___ continuation sheets attached to the Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

B6D (Official Form 6D) (12/07)

In re **James M Conigliaro,**
    **Tanya K. Conigliaro**

                             Debtors

Case No. _____

,

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

    State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

    List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

    If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

    Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | |
| Account No. **18723; Loan No. 3183**<br><br>**Badger Bank**<br>**220 Grant Street**<br>**Fort Atkinson, WI 53538** | | C | | 10/24/07<br><br>**First Mortgage**<br><br>**Real property located at N5166 County Road A, Cambridge, Wisconsin.** | | | | | |
| | | | | Value $       **247,600.00** | | | | 257,088.25 | 9,488.25 |
| Account No. **20030/Loan No. 22052**<br><br>**Badger Bank**<br>**220 Grant Street**<br>**Fort Atkinson, WI 53538** | | C | | 11/12/10<br>**Second Mortgage**<br>**Real property located at N5166 County Road A, Cambridge, Wisconsin; 1994 Kenworth W-9; 2004 Dodge Pick Up; 2001 Dodge Durango; 1975 Chevrolet Corvette** | | | | | |
| | | | | Value $       **247,600.00** | | | | 37,659.81 | 37,659.81 |
| Account No. **4266 9010 2521 5526**<br><br>**Chase Bank USA, N.A.**<br>**c/o Enhanced Recovery Company, LLC**<br>**8014 Bayberry Road**<br>**Jacksonville, FL 32256-7412** | | C | | 04/2008<br><br>**Purchase Money Security**<br><br>**2006 Dodge Charger** | | | | | |
| | | | | Value $       **10,408.00** | | | | 12,874.06 | 2,466.06 |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |

  **0**    continuation sheets attached

| | Subtotal<br>(Total of this page) | 307,622.12 | 49,614.12 |
|---|---|---|---|
| | Total<br>(Report on Summary of Schedules) | 307,622.12 | 49,614.12 |

B6E (Official Form 6E) (4/10)

.

In re  **James M Conigliaro,**                                                          Case No. _____
    **Tanya K. Conigliaro**

_____,
                            Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

_* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment._

_____1_____ continuation sheets attached

B6E (Official Form 6E) (4/10) - Cont.

In re **James M Conigliaro,**            Case No. _____
        **Tanya K. Conigliaro**
                                            ,
                                Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY / AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| Account No. <br><br>**Internal Revenue Service<br>310 W. Wisconsin Avenue<br>Stop 5301 MIL<br>Milwaukee, WI 53203-2221** | C | | **01/2010**<br><br>**2010 federal income taxes** | | | | <br><br><br>**1,650.00** | **0.00**<br><br><br>**1,650.00** |
| Account No. <br><br>**Wisconsin Dept. of Revenue<br>Special Procedures Unit<br>P.O. Box 8901<br>Madison, WI 53708-8901** | C | | **01/2010**<br><br>**2010 State income taxes** | | | | <br><br><br>**400.00** | **0.00**<br><br><br>**400.00** |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |

Sheet <u>**1**</u> of <u>**1**</u> continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | | |
|---|---|---|
| Subtotal<br>(Total of this page) | **0.00**<br>**2,050.00** | **2,050.00** |
| Total<br>(Report on Summary of Schedules) | **0.00**<br>**2,050.00** | **2,050.00** |

B6F (Official Form 6F) (12/07)

In re  **James M Conigliaro,**
       **Tanya K. Conigliaro**

Case No. _____

_____,

Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **670676** <br><br> **Asset Acceptance / Citibank c/o Kohn Law Firm 312 E. Wisconsin Ave., Suite 501 Milwaukee, WI 53202-4305** | C | | 02/08 <br> **Credit Card** | | | | 9,511.95 |
| Account No. <br><br> **Aurora Medical Center Summit P.O. Box 341700 Milwaukee, WI 53234-1700** | C | | 5/10 <br> **Medical** | | | | 3,088.10 |
| Account No. <br><br> **Aurora Medical Group P.O. Box 341457 Milwaukee, WI 53234-1457** | C | | 11/10 <br> **Medical** | | | | 8,175.70 |
| Account No. **4596 4038239.1** <br><br> **Aurora Medical Group, Inc. P.O. Box 49 Pittsburgh, PA 15230-0049** | C | | 11/10 <br> **Medical** | | | | 43.13 |

| | | |
|---|---|---|
| __2__  continuation sheets attached | Subtotal <br> (Total of this page) | 20,818.88 |

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com    S/N:33220-120815    Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re  **James M Conigliaro,**　　　　　　　　　　　　　　　　　Case No. _____
　　　　**Tanya K. Conigliaro**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　,
　　　　　　　　　　　　　　　　　　　　　Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **4266 9010 2521 5526**<br><br>**Chase Bank USA N.A./Disney**<br>**c/o Portfolio Recovery Associates, Inc.**<br>**120 Corporate Blvd.**<br>**Norfolk, VA 23502** | C | | **05/09**<br>**Credit Card** | | | | 12,874.06 |
| Account No. **S4125299**<br><br>**Frontier North Inc.**<br>**c/o Penn Credit**<br>**916 S 14th Street**<br>**P.O. Box 988**<br>**Harrisburg, PA 17108-0988** | C | | **02/08**<br>**Miscellaneous** | | | | 211.39 |
| Account No. **688 353008416.1**<br><br>**Great Lakes Pathologists, S.C.**<br>**P.O. Box 78420**<br>**Milwaukee, WI 53278-0420** | C | | **05/10**<br>**Medical** | | | | 206.00 |
| Account No. **JMC Acct# 5989962**<br><br>**Hughes Network Systems**<br>**c/o Joseph Mann & Creed**<br>**20600 Chagrin Blvd., Suite 550**<br>**Beachwood, OH 44122-5340** | C | | **11/09**<br>**Satellite Internet service** | | | | 300.00 |
| Account No. **654867**<br><br>**Midland Funding LLC**<br>**c/o Kohn Law Firm S.C.**<br>**312 E. Wisconsin Ave., Suite 501**<br>**Milwaukee, WI 53202** | C | | **02/09**<br>**Credit Card** | | | | 4,318.23 |

Sheet no.  _**1**_  of  _**2**_  sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

17,909.68

B6F (Official Form 6F) (12/07) - Cont.

In re  **James M Conigliaro,**
       **Tanya K. Conigliaro**                                    Case No. _____

_____,
                        Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. **6004-3001-0611-0981** <br><br> **VION Holdings LLC/HSBC Bank Nevada** <br> **c/o Messerli & Kramer** <br> **500 West Silver Spring Dr., Ste. K-200** <br> **Milwaukee, WI 53217** | C | | | **04/09** <br> **Credit Card** | | | | **6,124.87** |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |

| | | | |
|---|---|---|---|
| Sheet no. __2__ of __2__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | Subtotal <br> (Total of this page) | | **6,124.87** |
| | Total <br> (Report on Summary of Schedules) | | **44,853.43** |

B6G (Official Form 6G) (12/07)

.

In re    **James M Conigliaro,**                                      Case No. _____
         **Tanya K. Conigliaro**

_____,
                              Debtors

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
| --- | --- |
| | |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com

B6H (Official Form 6H) (12/07)

.

In re     **James M Conigliaro,**                                      Case No. _____

           **Tanya K. Conigliaro**

_____,

<div align="center">Debtors</div>

# SCHEDULE H - CODEBTORS

      Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

**0**
_____ continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                      Best Case Bankruptcy

B6I (Official Form 6I) (12/07)

In re   **James M Conigliaro**
**Tanya K. Conigliaro**                                                Case No. _____
                                    Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
| --- | --- | --- |
| **Married** | RELATIONSHIP(S):<br>**Daughter**<br>**Daughter**<br>**Son** | AGE(S):<br>**19 months**<br>**4**<br>**6** |

| Employment: | DEBTOR | SPOUSE |
| --- | --- | --- |
| Occupation | **Owner/truck driver** | **X-ray Technologist** |
| Name of Employer | **Jim & Tanya Trucking LLC** | **Aurora Health Care Southern Lakes, Inc.** |
| How long employed | **8 years** | **13 years** |
| Address of Employer | **N5166 County Road A**<br>**Cambridge, WI 53523** | **D/B/A Aurora Medical Center Summit**<br>**P.O. Box 339**<br>**Burlington, WI 53105** |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | | DEBTOR | | SPOUSE |
| --- | --- | --- | --- | --- |
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | 0.00 | $ | 3,649.00 |
| 2. Estimate monthly overtime | $ | 0.00 | $ | 0.00 |
| 3. SUBTOTAL | $ | 0.00 | $ | 3,649.00 |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
|    a. Payroll taxes and social security | $ | 0.00 | $ | 657.00 |
|    b. Insurance | $ | 0.00 | $ | 0.00 |
|    c. Union dues | $ | 0.00 | $ | 0.00 |
|    d. Other (Specify): **401(k) contribution (8%)** | $ | 0.00 | $ | 253.00 |
| | $ | 0.00 | $ | 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 0.00 | $ | 910.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 0.00 | $ | 2,739.00 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | 2,800.00 | $ | 0.00 |
| 8. Income from real property | $ | 0.00 | $ | 0.00 |
| 9. Interest and dividends | $ | 0.00 | $ | 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | 0.00 | $ | 0.00 |
| 11. Social security or government assistance (Specify): | $ | 0.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 12. Pension or retirement income | $ | 0.00 | $ | 0.00 |
| 13. Other monthly income (Specify): | $ | 0.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 2,800.00 | $ | 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | 2,800.00 | $ | 2,739.00 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ | 5,539.00 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
  **None**

B6J (Official Form 6J) (12/07)

| | |
|---|---|
| In re | **James M Conigliaro**<br>**Tanya K. Conigliaro** |

Case No. _____

Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐　Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 2,269.00 |
| a. Are real estate taxes included?　Yes **X**　　No ___ | | |
| b. Is property insurance included?　Yes **X**　　No ___ | | |
| 2. Utilities:　a. Electricity and heating fuel | $ | 265.00 |
| 　　　　b. Water and sewer | $ | 0.00 |
| 　　　　c. Telephone | $ | 160.00 |
| 　　　　d. Other　**Satellite Dish** | $ | 80.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 0.00 |
| 4. Food | $ | 650.00 |
| 5. Clothing | $ | 0.00 |
| 6. Laundry and dry cleaning | $ | 0.00 |
| 7. Medical and dental expenses | $ | 0.00 |
| 8. Transportation (not including car payments) | $ | 300.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 150.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| 　　　　a. Homeowner's or renter's | $ | 0.00 |
| 　　　　b. Life | $ | 65.00 |
| 　　　　c. Health | $ | 135.00 |
| 　　　　d. Auto | $ | 87.00 |
| 　　　　e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| 　　　(Specify)　**Alabama Land Tax** | $ | 89.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| 　　　　a. Auto | $ | 450.00 |
| 　　　　b. Other　**Second mortgage** | $ | 400.00 |
| 　　　　c. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other　**School Tuition** | $ | 215.00 |
| 　　　Other　**Before and After School Care** | $ | 195.00 |

| | | |
|---|---|---:|
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 5,510.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a.　Average monthly income from Line 15 of Schedule I | $ | 5,539.00 |
| b.　Average monthly expenses from Line 18 above | $ | 5,510.00 |
| c.　Monthly net income (a. minus b.) | $ | 29.00 |

## United States Bankruptcy Court
### Western District of Wisconsin

In re  **James M Conigliaro**
**Tanya K. Conigliaro**

Debtor(s)

Case No.

Chapter **7**

# BUSINESS INCOME AND EXPENSES

**FINANCIAL REVIEW OF THE DEBTOR'S BUSINESS**  (NOTE: <u>ONLY INCLUDE</u> information directly related to the business operation.)

**PART A - GROSS BUSINESS INCOME FOR PREVIOUS 12 MONTHS:**

1. Gross Income For 12 Months Prior to Filing:                          $       180,525.00

**PART B - ESTIMATED AVERAGE FUTURE GROSS MONTHLY INCOME:**

2. Gross Monthly Income                                                      $       15,500.00

**PART C - ESTIMATED FUTURE MONTHLY EXPENSES:**

| | |
|---|---:|
| 3. Net Employee Payroll (Other Than Debtor)            $ | 0.00 |
| 4. Payroll Taxes | 0.00 |
| 5. Unemployment Taxes | 0.00 |
| 6. Worker's Compensation | 0.00 |
| 7. Other Taxes | 480.00 |
| 8. Inventory Purchases (Including raw materials) | 0.00 |
| 9. Purchase of Feed/Fertilizer/Seed/Spray | 0.00 |
| 10. Rent (Other than debtor's principal residence) | 0.00 |
| 11. Utilities | 495.00 |
| 12. Office Expenses and Supplies | 500.00 |
| 13. Repairs and Maintenance | 1,720.00 |
| 14. Vehicle Expenses | 8,700.00 |
| 15. Travel and Entertainment | 0.00 |
| 16. Equipment Rental and Leases | 0.00 |
| 17. Legal/Accounting/Other Professional Fees | 80.00 |
| 18. Insurance | 725.00 |
| 19. Employee Benefits (e.g., pension, medical, etc.) | 0.00 |

20. Payments to Be Made Directly By Debtor to Secured Creditors For Pre-Petition Business Debts (Specify):

DESCRIPTION                                          TOTAL

21. Other (Specify):

DESCRIPTION                                          TOTAL

22. Total Monthly Expenses (Add items 3-21)                              $       12,700.00

**PART D - ESTIMATED AVERAGE NET MONTHLY INCOME:**

23. AVERAGE NET MONTHLY INCOME (Subtract item 22 from item 2)            $       2,800.00

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Western District of Wisconsin

In re    **James M Conigliaro**
     **Tanya K. Conigliaro**                 Case No. _____

                                   Debtor(s)         Chapter    **7**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

        I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of   **30**  
sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   **August 14, 2012**             Signature    **/s/ James M Conigliaro**
                                                **James M Conigliaro**
                                                Debtor

Date   **August 14, 2012**             Signature    **/s/ Tanya K. Conigliaro**
                                               **Tanya K. Conigliaro**
                                                Joint Debtor

*Penalty for making a false statement or concealing property:*   Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
## Western District of Wisconsin

In re    **James M Conigliaro**
**Tanya K. Conigliaro**

Debtor(s)

Case No.

Chapter    **7**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $-23,528.00 | **2010 - Tanya and Jim Trucking LLC - H** |
| $10,593.38 | **2010 - Oconomowoc Memorial Hospital - W** |
| $34,533.88 | **2010 - Aurora Health Care Southern Lakes, Inc. - W** |
| $6,305.07 | **2010 - Aurora Medical Group - W** |
| $-4,173.00 | **2011 - Tanya and Jim Trucking LLC - H** |
| $10,749.32 | **2011 - Oconomowoc Memorial Hospital - W** |
| $41,117.03 | **2011 - Aurora Health Care Southern Lakes, Inc. - W** |
| $22,400.00 | **2012 - Tanya and Jim Trucking LLC - H** |
| $26,965.81 | **2012 - Aurora Health Care Southern Lakes, Inc. - W** |

**2. Income other than from employment or operation of business**

None ■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                SOURCE

**3. Payments to creditors**

None □

***Complete a. or b., as appropriate, and c.***

a.    *Individual or joint debtor(s) with primarily consumer debts.* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Badger Bank**<br>**P.O. Box 26**<br>**Fort Atkinson, WI 53538** | **June, July, August 2012** | **$6,807.00** | **$257,088.25** |
| **Badger Bank**<br>**P.O. Box 26**<br>**Fort Atkinson, WI 53538** | **June, July, August 2012** | **$1,200.00** | **$37,659.81** |
| **Chase Bank USA, N.A.**<br>**c/o Enhanced Recovery Company, LLC**<br>**8014 Bayberry Road**<br>**Jacksonville, FL 32256-7412** | **June, July, August 2012** | **$1,350.00** | **$12,874.06** |

None ■

b.    *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ■

c.    *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

3

**4.   Suits and administrative proceedings, executions, garnishments and attachments**

None
☐
a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **VION Holdings LLC as successor interest to HSBC Bank Nevada vs. James Conigliaro Case No. 12-SC-631** | **Small Claims** | **Jefferson County, Wisconsin** | **Judgment** |
| **Midland Funding LLC vs. James Conigliaro Case No. 11-SC-939** | **Small Claims** | **Jefferson County, Wisconsin** | **Judgment** |
| **Asset Acceptance LLC vs. Tanya Conigliaro Case No. 11-SC-1288** | **Small Claims** | **Jefferson County, Wisconsin** | **Judgment/Gar nishment** |

None
■
b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5.   Repossessions, foreclosures and returns**

None
■
List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6.   Assignments and receiverships**

None
■
a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
■
b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

4

### 7. Gifts

None ■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

### 8. Losses

None ■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

### 9. Payments related to debt counseling or bankruptcy

None □

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| **Rogers & Westrick, S.C.**<br>**93 North Main Street**<br>**Fort Atkinson, WI 53538** | **1/21/12; 3/5/12** | **$1,500.00** |
| **Forbes & Newhard Credit Solutions**<br>**7505 Tiffany Springs Parkway, Ste. 130**<br>**Kansas City, MO 64153** | **3/6/12** | **$55.00** |

### 10. Other transfers

None ■

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

None ■

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

5

**11.  Closed financial accounts**

None
■

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

**12.  Safe deposit boxes**

None
■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

**13.  Setoffs**

None
■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

**14.  Property held for another person**

None
■

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

**15.  Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

**16.  Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■  a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■  b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■  c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None
□  a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **Tanya & Jim Trucking LLC** | **37-1486917** | **N5166 County Road A Cambridge, WI 53523** | **Transportation services** | **2/03 to current** |

None
■  b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

7

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, records and financial statements

None
☐    a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **Huberty and Associates, S.C.** | **2003 to present** |
| **145 South Marr Street** | |
| **Fond Du Lac, WI 54935-4434** | |

None
■    b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

None
■    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|

None
■    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

### 20. Inventories

None
■    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

None
■    b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

### 21 . Current Partners, Officers, Directors and Shareholders

None
■    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None
■    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

8

**22 . Former partners, officers, directors and shareholders**

None
■   a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
| --- | --- | --- |

None
■   b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
| --- | --- | --- |

**23 . Withdrawals from a partnership or distributions by a corporation**

None
■   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**24. Tax Consolidation Group.**

None
■   If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
| --- | --- |

**25. Pension Funds.**

None
■   If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
| --- | --- |

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date   **August 14, 2012**                Signature   **/s/ James M Conigliaro**

**James M Conigliaro**
Debtor

Date   **August 14, 2012**                Signature   **/s/ Tanya K. Conigliaro**

**Tanya K. Conigliaro**
Joint Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B8 (Form 8) (12/08)

# United States Bankruptcy Court
### Western District of Wisconsin

In re  **James M Conigliaro**
**Tanya K. Conigliaro**

Debtor(s)

Case No. _____

Chapter    **7**

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>**Badger Bank** | **Describe Property Securing Debt:**<br>**Real property located at N5166 County Road A, Cambridge, Wisconsin.** |

Property will be (check one):
   ☐ Surrendered          ■ Retained

If retaining the property, I intend to (check at least one):
   ☐ Redeem the property
   ■ Reaffirm the debt
   ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
   ☐ Claimed as Exempt          ■ Not claimed as exempt

| Property No. 2 | |
|---|---|
| **Creditor's Name:**<br>**Badger Bank** | **Describe Property Securing Debt:**<br>**Real property located at N5166 County Road A, Cambridge, Wisconsin; 1994 Kenworth W-9; 2004 Dodge Pick Up; 2001 Dodge Durango; 1975 Chevrolet Corvette** |

Property will be (check one):
   ☐ Surrendered          ■ Retained

If retaining the property, I intend to (check at least one):
   ☐ Redeem the property
   ■ Reaffirm the debt
   ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
   ☐ Claimed as Exempt          ■ Not claimed as exempt

B8 (Form 8) (12/08)                                                                                              Page 2

| Property No. 3 | |
|---|---|
| **Creditor's Name:**<br>**Chase Bank USA, N.A.** | **Describe Property Securing Debt:**<br>**2006 Dodge Charger** |

Property will be (check one):
- ☐ Surrendered          ■ Retained

If retaining the property, I intend to (check at least one):
- ☐ Redeem the property
- ■ Reaffirm the debt
- ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
- ☐ Claimed as Exempt          ■ Not claimed as exempt

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>**-NONE-** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES          ☐ NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date  **August 14, 2012** _____     Signature   **/s/ James M Conigliaro** _____
                                                           **James M Conigliaro**
                                                           Debtor

Date  **August 14, 2012** _____     Signature   **/s/ Tanya K. Conigliaro** _____
                                                           **Tanya K. Conigliaro**
                                                           Joint Debtor

# United States Bankruptcy Court
## Western District of Wisconsin

In re **James M Conigliaro**
**Tanya K. Conigliaro**

Case No.

Debtor(s)

Chapter    **7**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.   Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **1,500.00** |
| Prior to the filing of this statement I have received | $ | **1,500.00** |
| Balance Due | $ | **0.00** |

2.   The source of the compensation paid to me was:

  ■ Debtor    ☐ Other (specify):

3.   The source of compensation to be paid to me is:

  ■ Debtor    ☐ Other (specify):

4.   ■  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

  ☐  I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

  a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
  b.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
  c.  [Other provisions as needed]
      **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed.**

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following service:
      **Representation of the debtors in any dischargeability actions, judicial lien avoidances, preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods, relief from stay actions or any other adversary proceeding.  Any post-petition services other than one meeting of creditors shall be paid by debtor at the rate of $175.00 per hour.**

---

### CERTIFICATION

  I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:    **August 14, 2012**

**/s/ David R. Westrick**
**David R. Westrick 01021165**
**Rogers & Westrick, S.C.**
**93 North Main Street**
**P.O. Box 68**
**Fort Atkinson, WI 53538-1860**
**920-563-5577  Fax: 920-563-3577**

---

B 201A (Form 201A) (11/11)

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WISCONSIN

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total Fee $306)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over

a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $46 administrative fee: Total fee $1046)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $46 administrative fee: Total fee $246)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
## Western District of Wisconsin

In re   **James M Conigliaro**
**Tanya K. Conigliaro**
<br>Debtor(s)

Case No.

Chapter   **7**

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

**James M Conigliaro**
**Tanya K. Conigliaro**

Printed Name(s) of Debtor(s)

Case No. (if known)

X  **/s/ James M Conigliaro**    **August 14, 2012**

Signature of Debtor    Date

X  **/s/ Tanya K. Conigliaro**    **August 14, 2012**

Signature of Joint Debtor (if any)    Date

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

**United States Bankruptcy Court**

**Western District of Wisconsin**

In re    **James M Conigliaro**
       **Tanya K. Conigliaro**                      Case No.

                                         Debtor(s)        Chapter       **7**

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtors hereby verify that the attached list of creditors is true and correct to the best of their knowledge.

Date:   **August 14, 2012**                     **/s/ James M Conigliaro**

                                                **James M Conigliaro**
                                                  Signature of Debtor

Date:   **August 14, 2012**                     **/s/ Tanya K. Conigliaro**

                                                  **Tanya K. Conigliaro**
                                                  Signature of Debtor

Asset Acceptance / Citibank
Acct No 670676
c/o Kohn Law Firm
312 E. Wisconsin Ave., Suite 501
Milwaukee, WI 53202-4305

Aurora Medical Center Summit
P.O. Box 341700
Milwaukee, WI 53234-1700

Aurora Medical Group
P.O. Box 341457
Milwaukee, WI 53234-1457

Aurora Medical Group, Inc.
Acct No 4596 4038239.1
P.O. Box 49
Pittsburgh, PA 15230-0049

Badger Bank
Acct No 18723; Loan No. 3183
220 Grant Street
Fort Atkinson, WI 53538

Badger Bank
Acct No 20030/Loan No. 22052
220 Grant Street
Fort Atkinson, WI 53538

Chase Bank USA N.A./Disney
Acct No 4266 9010 2521 5526
c/o Portfolio Recovery Associates, Inc.
120 Corporate Blvd.
Norfolk, VA 23502

Chase Bank USA N.A./Disney
Acct No 4266 9010 2521 5526
c/o Enhanced Recovery Co., LLC
8014 Bayberry Road
Jacksonville, FL 32256-7412

Chase Bank USA, N.A.
Acct No 4266 9010 2521 5526
c/o Enhanced Recovery Company, LLC
8014 Bayberry Road
Jacksonville, FL 32256-7412

Frontier North Inc.
Acct No S4125299
c/o Penn Credit
916 S 14th Street
P.O. Box 988
Harrisburg, PA 17108-0988

Frontier North Inc.
Acct No 9206482181081023
c/o AFNI
Department 555
P.O. Box 4127
Concord, CA 94524

Great Lakes Pathologists, S.C.
Acct No 688 353008416.1
P.O. Box 78420
Milwaukee, WI 53278-0420

Hughes Network Systems
Acct No JMC Acct# 5989962
c/o Joseph Mann & Creed
20600 Chagrin Blvd., Suite 550
Beachwood, OH 44122-5340

Internal Revenue Service
310 W. Wisconsin Avenue
Stop 5301 MIL
Milwaukee, WI 53203-2221

Midland Funding LLC
Acct No 654867
c/o Kohn Law Firm S.C.
312 E. Wisconsin Ave., Suite 501
Milwaukee, WI 53202

VION Holdings LLC/HSBC Bank Nevada
Acct No 6004-3001-0611-0981
c/o Messerli & Kramer
500 West Silver Spring Dr., Ste. K-200
Milwaukee, WI 53217

Wisconsin Dept. of Revenue
Special Procedures Unit
P.O. Box 8901
Madison, WI 53708-8901